FUNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL & MELISSA HIQUET h/w ) <br> ) <br> Plaintiff ) <br> ) <br> vs. ) <br> LAW OFFICE OF HARRISON ROSS ) <br> BYCK, P.C. ) <br> & ) <br> LAW FIRM OF ALLAN C. SMITH, P.C. ) <br> & ) <br> CACH, LLC ) <br> ) <br> Defendant(s) ) <br> ) | Case Number: <br><br><br> CIVIL COMPLAINT <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiffs, Michael and Melissa Hiquet h/w, by and through their undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Michael and Melissa Hiquet, are adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that Plaintiff resides in this district.

## III. PARTIES

4. Plaintiffs, Michael and Melissa Hiquet, (hereafter, Plaintiffs) are adult natural persons residing in Lewistown, PA. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Law Office of Harrison Ross Byck, P.C., (hereafter, HRB), at all times relevant hereto, is and was a professional corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a primary address located at 229 Plaza Blvd., Ste. 112, Morrisville, PA. 19067.

6. Defendant, Law Firm of Allan C. Smith, P.C. (hereafter, ACS), at all times relevant hereto, engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a primary address located at 1276 Veterans Hwy, Ste. E-I, Bristol, PA 19007.

7. Defendant, Cach, LLC (hereafter, Cach), at all times relevant hereto, is and was a limited liability company engaged in the business of a being a full service collection agency, collecting debt within the Commonwealth of Pennsylvania and the State of Colorado with a primary address located at 4340 S. Monaco Street, 2nd Floor, Denver, CO 80237.

8. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

9. In or around 2008 Plaintiff Michael began to receive calls from Cach regarding a credit card balance due to Bank of America in the amount of $4,114.00.

10. Plaintiff Michael has no knowledge of this account, as his wife, Plaintiff Melissa took care of all the bills before their separation back in 2007.

11. Cach told the Plaintiff Michael that his name was on this account.

12. Plaintiff Michael asked Cach for written verification of the alleged consumer debt that he was said to owe.

13. Plaintiff Michael asked for the name of the caller, but was told "you don't need to know my name…I'm calling from a law office."

14. In or around 2008 Cach called Plaintiff Michael's parents and discussed the alleged consumer debt with them trying to get information.

15. Plaintiff Michael was working at the Camp Hill State Correctional Institute. He was called to the office by his boss.

16. Plaintiff Michael's boss explained that he just received a call from a bill collector looking for the Plaintiff.

17. On another call from Cach the caller threatened to take the Plaintiff Michael's car and to take other legal action.

18. In or around 2009 the Plaintiff Michael received notice from the Sheriff that Harrison Ross Byck were suing him in court for this alleged consumer debt.

19. Plaintiff Michael quickly called the law firm and was told that if he made a payment in the amount of $700.00 they would cancel the judgment hearing.

20. Plaintiff Michael made 7 payments from 2/09 -8/09 totally $700.00 to HRB. Plaintiff asked if he would still need to appear in court and was told by HRB that since he made the payment, it would satisfy the consumer debt. **See EXHIBIT "A" (notice) attached hereto.**

21. None of the Defendants issued payment confirmation in writing.

22. In or around 2010 Plaintiff Michael and his wife, Plaintiff Melissa reunited and moved in together.

23. In or around August 2011 Plaintiff Melissa received a notice from her old bank stating her account was frozen due to an "unpaid account."

24. Plaintiff Melissa closed the account.

25. On or about July 326, 2012 Plaintiff Michael received a post judgment interrogatory package from the Law office of Allan C. Smith, P.C. stating a judgment had been entered against him. **See EXHIBIT "B" (notice) attached hereto.**

26. The Plaintiff did not complete the requested since the consumer debt was supposed have been satisfied.

27. Harrison Ross Byck ("HRB")is an alleged attorney in the Commonwealth of Pennsylvania who periodically changes his firm name between Law Office of Harrison Ross Byck, P.C. and Law Firm of Allan C. Smith, P.C.; Harrison Ross Byck, is a debt collector.

28. On or about December 28, 2012 Plaintiff Michael received another letter from the law firm asking the Plaintiff to contact the office to set up a "satisfactory" payment plan. **See EXHIBIT "C" (notice) attached hereto.**

29. The amount on this letter is different from the amount the Plaintiff was originally told.

30. Plaintiffs wrote a letter to the law firm informing them that the Plaintiffs are working with an attorney regarding this alleged consumer debt. **See EXHIBIT "D" (notice) attached hereto.**

31. This is the third time the Plaintiffs have told the law firm they are being represented and the law firm continues to contact the Plaintiffs directly.

32. The Plaintiffs have suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

33. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

34. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a consumer debt.

35. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

36. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

37. At all times pertinent hereto, the conduct of Defendants, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

38. As a result of Defendant's, conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

39. The above paragraphs are hereby incorporated herein by reference.

40. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "consumer debt" as defined by 15 U.S.C. § 1692a(5).

41. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(a)(3): | At place of employment when knows the employer prohibits such communication |
| §§ 1692b: | With anyone except consumer, consumer's attorney, or credit bureau concerning debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(1): | Used or threatened the use of violence or other criminal means to harm the consumer or his/her property |

| | |
|---|---|
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692f(5): | Caused any charges to be made to the consumer e.g. calls to her personal cell phone |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within 5 days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

42. Plaintiffs repeats, re-alleges and incorporates by reference the foregoing paragraphs.

43. The collection of a consumer debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

44. The alleged debt Defendants were attempting to collect is a consumer debt as defined by 73 Pa. C.S. § 2270.3.

45. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

46. The actions of Defendants, as aforesaid, constitute false, misleading or deceptive representations.

47. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

48. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

49. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. Actual damages;

b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

50. The foregoing paragraphs are incorporated herein by reference.

51. Plaintiffs and Defendants are "Persons" to 73 Pa. C.S § 201-2.

52. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

53. The actions of the Defendants, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendants misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendants engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendants failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

54. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

55. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs prays this Honorable Court enter judgment in their favor and against Defendants, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN LAW GROUP, PC**

Date: **January 11, 2013**

BY: */s/ Bruce K. Warren  bkw4066*
Bruce K. Warren, Esquire

Warren Law Group, PC
58 Euclid Street
Woodbury, NJ 08096
P: (856)848-4572
F: (856)324-9081
Attorney for Plaintiff
bruce@warren-lawfirm.com